**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMALL WASHINGTON,<br><br>                    Plaintiff,<br><br>                    v.<br><br>ARAMARK CORP., et al.,<br><br>                    Defendants. | Civil Action No. 23-1305 (KMW) (SAK)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis.* (ECF No. 1-1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety.

## I.    BACKGROUND

Plaintiff's complaint contains a number of separate allegations related to his time in the Atlantic County Justice Facility. (ECF No. 1.) First, Plaintiff alleges that on February 19, 2023, in the early evening, he was walking in the medical unit laughing to himself when he passed by

two "young white males." (*Id.* at 5.) These two individuals then expressed to Plaintiff their "frustration" with this behavior. (*Id.*) Plaintiff continued to walk by them, saying "me doing me ain't a problem with them doing them" and that he didn't want to start a problem with them. (*Id.*) Another individual, the cellmate of one of the two white males, came out and ordered Plaintiff to go down stairs and leave, which plaintiff refused as he was continuing his walk. (*Id.* at 6.) The third man then stepped in Plaintiff's way and slapped Plaintiff in the face. (*Id.*) Plaintiff then pushed away from him and walked away. (*Id.*) Although this encounter occurred near the corrections officer's "bubble headquarters," none of the officers noted the confrontation until Plaintiff reported the attack to two officers later during dinner service. (*Id.*) Plaintiff then went to his cell, and noticed some of his property was stolen, and thus attempted to call the jail's confidential reporting hotline, but did not receive an answer. (*Id.*) Plaintiff then asked officers Eakin and Cruz to call for a sergeant so he could report the assault and theft. (*Id.*)

An hour later, Plaintiff met with and reported the assault to an Officer Lane and Lieutenant Guardian. (*Id.*) The officers then questioned Plaintiff as to whether he had made a proper report through the correct chain of command, and directed him to the sergeant. (*Id.*) The sergeant checked the video and told Plaintiff that he saw no theft or assault, which Plaintiff contends was untrue. (*Id.*) Plaintiff thus seeks to raise claims against the officers and hotline staff for failing to notice the assault and failing to fully and thoroughly investigate his allegations. (*Id.* at 3-4, 11-12.)

Plaintiff next complains that on one occasion he left a handwritten note requesting that officers "provide [and] enforce [the Health Insurance Portability and Accountability Act (HIPAA)]," but the officer refused to pick up and read the note. (*Id.* at 8.) It is not clear where the note was left, or the circumstances of this encounter. (*Id.*) Unhappy with this event, Plaintiff then reported his medical issues to staff "in front of other inmates," which he found embarrassing.

(*Id.*)  Although the nature of the issue is unclear – it apparently involved some sort of "bloody flow" and Plaintiff's concerns with contaminating something with the resulting "hazardous material," the officer told him that he could not call an emergency at that time based on the nature of Plaintiff's unclear complaint.  (*Id.*)  In any event, a nurse was called to see Plaintiff, but Plaintiff contends she improperly chose to evaluate him in the general medical unit area rather than in a private examination room.  (*Id.*)  Plaintiff appears to believe that these events amount to violations of HIPPA and potentially his medical needs.  (*Id.*)

Plaintiff's next series of allegations are somewhat unclear, but seem to amount to an allegation that he does not approve of requirements that he wear orange clothing.  (*Id.* at 9.) Plaintiff also seems to take issue with the nature of jail housing in a post-COVID-19 world, but does not clearly allege what his issues with the jailing are.  (*Id.*)  Plaintiff next complains that the food provided to the jail by Defendant Aramark is not to his liking – specifically that the portions are smaller and of lesser quality than he would prefer, likening it to school cafeteria portion sizes. (*Id.* at 10.)  He also alleges that he does not consider a standard sandwich with bread and cheese to amount to a meal.  (*Id.*)[1]

## II.    LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to the statute, this Court must *sua*

---

[1] Plaintiff provides a few additional pages of flower prose expressing his outrage at the above recounted treatment, mostly related to his failed report of the theft and assault incidents and medical treatment, in a few additional pages.  (*Id.* at 12-14.)  This writing is very disjointed, and largely expresses Plaintiff's outrage at his experiences without clearly making additional factual allegations.  This Court does not discern any further claims from these pages.  (*Id.*)  Should Plaintiff choose to file an amended complaint in this matter, he should clearly identify the factual bases for his claims and avoid extraneous repetition or expressions of contempt.

*sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se*

litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  **DISCUSSION**

In this matter, Plaintiff seeks to raise civil rights claims under 42 U.S.C. § 1983 against various corrections officers and jail contractors arising out of his experiences in the Atlantic County Justice Facility. First, he seeks to raise a claim against several officers for refusing further investigation of his claims that he was assaulted and had property stolen following a report to several officers and a call to an emergency hotline. Second, Plaintiff seeks to raise medical and HIPPA related claims against a nurse and corrections officers for failing to provide him a confidential means of reporting his medical issues. Third, Plaintiff seeks to challenge the food being provided to the jail as he is unhappy with the portion sizes and food options. Finally, he seeks to challenge his lack of non-orange clothing options.

Initially, the Court notes that the Atlantic County Justice Facility, a county jail which is named as a Defendant but against which no specific allegations are made, is not a proper defendant in this civil rights action. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). The Justice Facility must therefore be dismissed from this action.

Turning to Plaintiff's complaints related to the theft and attack issues, Plaintiff's claims appear to chiefly contend that guards denied him his rights by failing to further investigate his reports of assaults and thefts of his property which guards did not witness by other inmates. Prisoners, however, have no right to a jail grievance or complaint system, and in turn have no federally protected right to any particular response to any grievance or report that a given jail permits them to make. *See, e.g., Roberts v. Aviles*, No. 10-5916, 2012 WL 603790, at *1 n. 4 (D.N.J. Feb. 16, 2012); *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa.), *aff'd*, 142 F.3d 430 (3d

Cir. 1998); *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"). As Plaintiff had no right to a system to report his complaints, nor a right to have a response to the complaints he did provide, he cannot show that the failure to investigate his claims of wrongdoing amounted to a constitutional violation.[2]

In his next claim, Plaintiff contends that an officer and medical staff failed to live up to their HIPAA obligations in forcing him to report his issues or be evaluated where others could witness or overhear his medical complaints. Even assuming a HIPAA violation occurred, however, there is no private right of action available under HIPAA. *See, e.g., Dominic J. v. Wyoming Valley West High Sch.*, 362 F. Supp. 2d 560, 573 (M.D. Pa. 2005). Thus, any claims related to HIPAA violations of Plaintiff's privacy fail to provide a basis for relief in this matter.

It is possible, however, that Plaintiff also intended to raise claims related to his medical treatment. To raise a claim under § 1983 related to his medical treatment, however, Plaintiff would have to plead facts indicating that staff were deliberately indifferent to his medical needs. *See Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003). This requires a plaintiff to plead facts indicating that he had a sufficiently serious medical need and that the named defendant knew of and disregarded an excessive risk to his health or safety in failing to treat that need. *Id.* at 582. The deliberate indifference standard requires more than inadequate medical attention or incomplete medical treatment," *see King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008), and a plaintiff who demonstrates conduct amounting to only negligence or medical malpractice will fail to make out a claim for relief under § 1983. *Rouse v. Plantier*, 182 F.3d 192,

---

[2] Plaintiff does not allege that any guard actually witnessed the assault or theft, and this Court thus does not construe him to be raising any claim related to a failure to protect him, or failure to protect his property. Plaintiff appears to only be concerned with a lack of a post-hoc investigation into the events he reported several hours after other inmates wronged him.

197 (3d Cir. 1999). Here, Plaintiff does not clearly lay out his medical need – only that he had some sort of issue which was related to some kind of "bloody flow" and concerns with some sort of cross contamination. He does not state he was diagnosed with an issue he raised to Defendants' attention, nor does he plead facts showing an obvious medical need that Defendants' ignored. Indeed, although he states that a guard refused to call a medical emergency code, he was still provided an opportunity to seek and receive care and evaluation from nursing staff. Plaintiff's allegations fail to set forth so much as negligence or malpractice, and thus fail to establish a basis for relief in a federal civil rights action.

In his next series of claims, Plaintiff contends that the food he is provided is unsatisfactory and that he is unhappy with the nature and portion sizes of his food. Although prisoners have a right to receive nutritionally adequate food to sustain themselves, a constitutional violation does not occur merely because of a prisoner's unhappiness with the provided food, an occasional missed meal, or even where a prisoner is occasionally served spoiled or contaminated food items. *Duran v. Merline*, 923 F.3d 702, 720 (D.N.J. 2013) (quoting *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). Here, Plaintiff expresses only his unhappiness with the food he has been provided and his belief that the portion sizes are too akin to school lunches for his liking. As to inadequacy, he only provides one concrete allegation – that he is unhappy with lunch meat and cheese sandwiches as an entrée. Such allegations fail to suggest the provision of nutritionally inadequate food, and at best provide only Plaintiff's dissatisfaction with jail meals. Lack of food choice, however, is merely one of many compromises which a prisoner must face vis a vis his criminal charges, and is not a basis for relief under § 1983. Plaintiff's food related claims thus fail to set forth a plausible claim for relief.

Plaintiff's final claim relates to his unhappiness with the orange color of his prison clothes, which he likens to torture. Jails are required to provide prisoners with their basic human needs,

which includes clothing. *Helling v. McKinney*, 509 U.S. 25, 32 (1993). A claim based on a denial of these needs, however, requires a plaintiff to plead facts showing that the deprivation of needs to which he was subject amount to punishment without an adequate adjudication of guilt, which will only be the case where the conditions cause a detainee to endure genuine privations and hardship over an extended period of time. *See, e.g., Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005). That Plaintiff is required to wear a specific color – in this case orange – is hardly a genuine privation or hardship. Plaintiff does not allege that he was not provided with sufficient clothing, only that he is unhappy with the jail uniform. As with the food issue, the jail dress code is merely an incident of normal jail life – it is not a genuine privation sufficient to amount to improper punishment. Plaintiff's claim related to jail clothing coloration thus fails to state a plausible basis for relief, and must be dismissed as such. As all of Plaintiff's claims fail to set forth a plausible claim for relief, his complaint shall be dismissed without prejudice for failure to state a claim for which relief may be granted.

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) shall be **GRANTED**, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge