**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JAMALL WASHINGTON,

        Plaintiff,

        v.

ARAMARK CORP., et al.,

        Defendants.

Civil Action No. 23-1305 (KMW) (SAK)

**MEMORANDUM OPINION**

**WILLIAMS, District Judge:**

    This matter comes before the Court on the purported amended complaint submitted in this prisoner civil rights matter by Plaintiff Jamall Washington.  (ECF No. 5.)  By way of background, Plaintiff filed his initial complaint in this matter on March 3, 2023, raising claims against various jail staff and the Aramark Corporation related to several discrete events which occurred in the Atlantic County Jail as well as the allegedly meager food portions provided by Aramark to jail inmates.  (ECF No. 1.)  In April 2023, this Court screened that complaint and dismissed it without prejudice as Plaintiff had failed to plead a plausible claim for relief against the named Defendants as to any of the claims he was attempting to raise.  (*See* ECF Nos. 3-4.)

    In response to that dismissal, Plaintiff filed his current purported amended complaint. (ECF No. 5.)  Plaintiff's proposed amended complaint contains four handwritten pages[1] which

---

[1] These four pages were submitted in two separate envelopes, both of which are addressed to this Court and contain the docket number of this matter, 23-1305.  Two of the pages, however, also contain the name of another case submitted by Plaintiff, Washington v. New Jersey Supreme Court, which was filed under docket number 23-1304.  Based on this, it may be the case that the two letters were meant to be submitted separately, one to each of Plaintiff's dismissed cases.  Even

appear to do little more than express Plaintiff's exasperation and indignation at the dismissal of his initial complaint. (*See* ECF No. 5 at 1-2, 4-5.) The document names no Defendants, contains no clear claims for relief, and provides no clear factual basis from which this Court may infer a claim for relief. To the extent the document was meant to raise any claims, those claims are truly well disguised by Plaintiff's rambling prose and expressions of displeasure.

Because this Court previously granted Plaintiff *in forma pauperis* status (ECF No. 3), this Court is required to screen his purported amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-

---

if that was Plaintiff's intent, however, Plaintiff's proposed amended complaint, considered either in its entirety or as two separate attempted amended complaints, fails to state a claim for relief for the reasons explained in this opinion. The Court therefore need not and will not split the document and consider it separately in two separate cases given Plaintiff's choice to address both to this matter's docket number.

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Pursuant to Rule 8 of the Rules of Civil Procedure, a complaint seeking to raise a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. P. 8(a)(2). Each allegation in a complaint must therefore be "concise and direct." Fed. R. Civ. P. 8(e)(1). A district Court may dismiss a complaint *sua sponte* for failure to comply with Rule 8. *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014). A complaint may therefore be dismissed pursuant to Rule 8 where the "'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Although Plaintiff's purported amended complaint in this matter is legible, it can not be construed in a manner that permits the Court to ascertain the nature of Plaintiff's claims or the relief he seeks. In addition, Plaintiff's filing

does not identify any Defendants or actions that any Defendant has taken against him, sets forth no claims for relief, and does not contain a short and plain statement of the facts giving rise to his claims. Simply criticizing this Court's prior ruling and casting dispersions on the analysis set forth in that ruling falls far short of the requirement that Plaintiff set forth allegations concisely and directly. Therefore, Plaintiff's amended complaint fails to meet the requirements of Rule 8 and must be dismissed without prejudice.

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 5) shall be **DISMISSED WITHOUT PREJUDICE.** An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge